UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: GUILBEAU MARINE, INC. | CIVIL ACTION |
| GUILBEAU MARINE, INC. | NO. 20-4 |
| VERSUS | SECTION: "G"(1) |
| T&C MARINE, LLC, et al. | |

**ORDER AND REASONS**

Pending before this Court is Paul's Insurance Services, LLC's ("Paul's") Motion to Withdraw Reference.[1] In the motion, Paul's seeks withdrawal of the reference of this Adversary Proceeding to the bankruptcy court.[2] The motion was set for submission on February 12, 2020.[3] Pursuant to Local Rule 7.5 any opposition to the motion was due on February 4, 2020. No opposition has been filed to the instant motion, timely or otherwise. Therefore, the Court deems the instant motion to be unopposed. A federal district court has authority to grant an unopposed motion as long as the motion has merit.[4]

**I. Background**

On September 11, 2018, Guilbeau Marine, Inc. ("Guilbeau") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana.[5] On November 4, 2019, Guilbeau filed a complaint before the

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 2.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[5] Rec. Doc. 1-3.

1

bankruptcy court asserting state law negligence and breach of contract claims against T&C Marine, LLC ("T&C"), state law breach of contract claims against Stonington Insurance Company ("Stonington"), and state law negligence claims against Paul's (the "Adversary Proceeding").[6] On December 19, 2019, Paul's filed an answer to the Adversary Proceeding, wherein Paul's requested a jury trial.[7]

On January 2, 2020, Paul's filed the instant Motion to Withdraw Reference.[8] In the motion, Paul's seeks withdrawal of the reference of this Adversary Proceeding to the bankruptcy court.[9] The motion was set for submission on February 12, 2020.[10] Pursuant to Local Rule 7.5 any opposition to the motion was due on February 4, 2020. No opposition has been filed to the instant motion, timely or otherwise.

## II. Parties' Arguments

In the instant motion, Paul's seeks withdrawal of the reference of this Adversary Proceeding to the bankruptcy court for two reasons.[11] First, Paul's asserts that it has timely and properly demanded a jury trial in its answer, but bankruptcy courts in the Eastern District of Louisiana are not authorized to conduct jury trials.[12] Second, because the claims raised in the Adversary Proceeding are for negligence and breach of contract to be determined under Louisiana

---

[6] Bankr. Case No. 19-1148, Rec. Doc. 1.

[7] Bankr. Case No. 19-1148, Rec. Doc. 13.

[8] Rec. Doc. 1.

[9] *Id.*

[10] Rec. Doc. 2.

[11] Rec. Doc. 1 at 4.

[12] *Id.*

2

law, these claims are "non-core" matters.[13] Therefore, Paul's contends that cause exists to withdraw the reference.[14]

### III. Law and Analysis

28 U.S.C. § 1334(b) confers federal district courts with original and exclusive jurisdiction over "all cases under title 11." Pursuant to Section 1334(b), the district courts have original, but not exclusive, jurisdiction over "all proceedings arising under title 11, or arising in or related to cases under title 11." The Fifth Circuit has explained that in determining whether jurisdiction exists, it is "necessary only to determine only whether a matter is at least 'related to' the bankruptcy."[15] The Fifth Circuit defines "related" to mean "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[16] The Adversary Proceeding is related to a case under Title 11. Guilbeau seeks to recover damages from T&C, Stonington, and Paul's for alleged negligence and breach of contract. The recovery of damages would affect the Guilbeau's estate. Therefore, there is bankruptcy jurisdiction over this action.

The standard for withdrawal of the reference from a bankruptcy court is found in 28 U.S.C. § 157(d). Section 157(d) provides for both mandatory and permissive withdrawal, as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or other activities affecting interstate commerce.

---

[13] *Id.* at 5.

[14] *Id.* (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

[15] *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

[16] *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Paul's does not seek mandatory withdrawal. Rather, it seeks permissive withdrawal "for cause shown."

The Fifth Circuit instructs district courts to consider several factors in determining whether to withdraw the reference for cause shown including: (1) whether the matter is a "core" or a "non-core" proceeding; (2) whether the proceedings involve a jury demand; and (3) whether withdrawal would further "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[17] Accordingly, the Court considers each of these issues in turn.

### A.    *Whether the Matter is a "Core" or "Non-Core" Proceeding*

Paul's argues that the claims raised by Guilbeau in the Adversary Proceeding are "non-core."[18] 28 U.S.C. § 157(b)(2) provides a non-exclusive list of core proceedings including: matters concerning the administration of the bankruptcy estate; estimation of claims; and counterclaims by the bankruptcy estate against persons filing claims against the estate. A proceeding is considered a core proceeding "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[19] By contrast, claims based upon state created rights that could arise outside the bankruptcy context and which could have proceeded in state court absent a bankruptcy are considered non-core proceedings.[20]

---

[17] *Holland America*, 777 F.2d at 999.

[18] Rec. Doc. 1-1 at 4.

[19] *Wood*, 825 F.2d at 97.

[20] *Id.*

Guilbeau brings state law negligence and breach of contract claims against T&C, state law breach of contract claims against Stonington, and state law negligence claims against Paul's.[21] These claims could arise outside the bankruptcy context and could proceed in state court absent the Chapter 11 bankruptcy. Accordingly, these claims are non-core state law matters, and this factor weighs in favor of withdrawal of the reference.

### B. *Whether the Matter Involves a Jury Demand*

Paul's has exercised its right to a trial by jury.[22] Bankruptcy courts in the Eastern District of Louisiana are not authorized to conduct jury trials.[23] The Seventh Amendment provides a right to a jury trial where the suit is to ascertain and determine legal rights, as opposed to equitable rights.[24] A suit for monetary damages is legal in nature.[25] Accordingly, because Paul's has exercised its right to a trial by jury, this factor weighs in favor of withdrawal of the reference.

### C. *Whether Withdrawal Would Further the Goals of Promoting Uniformity in Bankruptcy Administration, Reducing Forum Shopping and Confusion, Fostering the Economical Use of Resources, and Expediting the Bankruptcy Process*

This matter does not involve the interpretation of bankruptcy laws, making the uniformity in bankruptcy administration factor inapplicable. Additionally, there is no evidence of forum shopping. Granting the motion to withdraw will also serve the interests of judicial economy because it will obviate any need to appeal the bankruptcy court's rulings to this Court and will

---

[21] Bankr. Case No. 19-1148, Rec. Doc. 1.

[22] Bankr. Case No. 19-1148, Rec. Doc. 13.

[23] Bankr. Local Rule 9015-1 ("Jury trials are not held in this court."); *Travelers Indem. Co. v. Babcock & Wilcox Co.*, No. 01-3387, 2002 WL 100625, at *4 (E.D. La. Jan. 23, 2002) (Vance, J.).

[24] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

[25] *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011) (citing *Ross v. Bernhard*, 396 U.S. 531, 533 (1970); *Garcia v. Queen, Ltd.*, 487 F.2d 625, 628 & 628 n. 7 (5th Cir. 1973)).

bring the matter to a more expeditious resolution.[26] Therefore, the Court finds that withdrawal of the reference would promote judicial economy. Accordingly,

**IT IS HEREBY ORDERED** that Paul's Insurance Services, LLC's Motion to Withdraw Reference[27] is **GRANTED**. The Adversary Proceeding will proceed in this Court as a civil action.

**NEW ORLEANS, LOUISIANA**, this __18th__ day of February, 2020.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[26] *Travelers Indem. Co.*, 2002 WL 100625, at *4 (.

[27] Rec. Doc. 1.